UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24172-CIV-LENARD/ELFENBEIN

**SANTIAGO PAULINO,**

    Plaintiff,

**v.**

**WESTERN FUNDING II INCORPORATED,**

    Defendant.
_____/

## OMNIBUS ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Plaintiff Santiago Paulino's ("Plaintiff") Motion for Reconsideration of the Court's Order Granting Defendant Western Funding II Incorporated's Motion to Dismiss Without Prejudice ("Motion," D.E. 102) filed August 6, 2024. Defendant Western Funding II Incorporated ("Defendant") filed a Response on September 6, 2024. ("Response," D.E. 113). Plaintiff did not file a Reply and the time to do so has passed. Upon review of the Motion, Response, and the record, the Court finds as follows.

**I.**     **Brief Background[1]**

---

[1] The Court limits inquiry to matters relevant to the instant Motion. The reader is referred to the Order Denying Joint Motion for Judgment on the Pleadings (D.E. 77) for a thorough recounting of the facts.

On February 23, 2024, Plaintiff filed the operative Amended Complaint (D.E. 48) against Defendant and three Co-Defendants.[2] On March 8, 2024, Defendant filed an Answer and Counterclaim ("Counterclaims," D.E. 51 at 26–30) asserting counts of breach of contract and replevin against Plaintiff. On July 9, 2024, Defendant filed a Motion for Voluntary Dismissal of its Counterclaims Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ("Voluntary Dismissal Motion," D.E. 90).[3] Three days later, the Court granted the Voluntary Dismissal Motion. ("July 12, 2024 Order," D.E. 93).

Plaintiff thereafter filed the instant Motion. Therein, Plaintiff asserts the Court erred in granting the Voluntary Dismissal Motion without affording him an opportunity to respond. (Mot. at 8). He further claims prejudice in that "considerable expense" was incurred as he "spent over four months engaged in the discovery process under the assumption that Defendant's counterclaim would proceed to trial." (*Id*.). Ultimately, Plaintiff asserts that "Defendant should not be permitted to withdraw its counterclaims at the last minute — in a painfully obvious ploy to avoid being deposed on the nonexistent basis for those counterclaims and to avoid a summary judgment decision on the same — when such a withdrawal will cause financial prejudice to Plaintiff." (*Id*.). Plaintiff thus requests that the Court reconsider its July 12, 2024 Order "and either deny Defendant's [Voluntary Dismissal] Motion in full or dismiss Defendant's counterclaims with prejudice.

---

[2] All counts against the three Co-Defendants have been dismissed with prejudice. (*See* D.E.'s 83, 97, 101).

[3] The Voluntary Dismissal Motion was not stipulated to by Plaintiff and did not contain a certificate of conference pursuant to Local Rule 7.1(a)(3).

In the alternative, Plaintiff requests that the Court hold Defendant responsible for Plaintiff's attorneys' [fees] and costs wasted on Defendant's now moot counterclaims." (*Id.* at 10–11).

In its Response, Defendant asserts the Court lacks jurisdiction to make further legal determinations as to the Counterclaims. (Resp. at 4). Alternatively, it contests Plaintiff's claims that it "wasted" considerable time defending the Counterclaims as they were only pending for four months at any early stage of the litigation and any work done would still be relevant to Plaintiff's remaining claims. (*Id.* at 5–6). Defendant thus asserts the Court properly allowed it to voluntarily dismiss its Counterclaims without prejudice and without imposing any conditions on the voluntary dismissal. (*Id.* at 6–7).

## II.     Legal Standards

Although the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion "falls within the ambit of either Rule 59(e) ("motion to alter or amend a judgment) or Rule 60(b) ("motion for relief from judgment or order")." *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The party moving for reconsideration of an order must demonstrate "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The purpose of a motion for reconsideration is not to ask the Court to "reexamine an unfavorable ruling." *Id.* A party may not use a motion for reconsideration "to relitigate old matters, raise

3

argument or present evidence that could have been raised" previously. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

### III. Discussion

#### a. Motion for Reconsideration

The Court first finds that it erred in granting the Voluntary Dismissal Motion prior to Plaintiff's 14-day deadline to file a response. *See* Local Rule 7.1(c)(1). As such, the July 12, 2024 Order shall be vacated[4] and Plaintiff's Motion is granted in part.[5] But, through the present Motion, Plaintiff has now responded. As discussed, the Motion articulates Plaintiff's objections to the Voluntary Dismissal Motion and moves the Court to deny Defendant's request in full or dismiss its Counterclaims with prejudice.[6] Therefore, the Court's error has been corrected. Plaintiff has now been afforded an opportunity to respond, and the Voluntary Dismissal Motion is ripe for adjudication.[7]

---

[4] Defendant argues that the Court lacks jurisdiction to vacate the July 12, 2024 Order. (Resp. at 4 (citing *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012)). Defendant is mistaken. *Anago Franchising* involved a stipulation of dismissal signed by all parties and filed under Rule 41(a)(1)(A)(ii). Such stipulations are self-executing and dismiss a case automatically thus stripping a district court of jurisdiction. Here, the Voluntary Dismissal Motion was filed under Rule 41(a)(2) because Plaintiff had previously served an Answer to the Counterclaims. Therefore, the Counterclaims could only be dismissed "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In sum, Defendant's argument is without merit and the Court is assured that it has jurisdiction to reconsider its July 12, 2024 Order.

[5] The Court agrees that it erred in prematurely granting the Voluntary Dismissal Motion. The Motion is thus granted in this respect. Plaintiff's remaining arguments are addressed below.

[6] In the alternative, Plaintiff moves the Court to hold Defendant responsible for his attorneys' fees and costs wasted on Defendant's now moot counterclaims.

[7] As discussed, the Court has also considered Defendant's Response and afforded Plaintiff the requisite seven days to file a Reply. Because no Reply was filed, the Motion is ripe for adjudication. *See* Local Rule 7.1(c)(1).

      **b.**      **Motion for Voluntary Dismissal**

Because Plaintiff had already served an Answer to its Counterclaims, Defendant correctly filed its Voluntary Dismissal Motion under Rule 41(a)(2). That rule allows for voluntary dismissal "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Id.* (citations omitted). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986). "While the district court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants, the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias*, 776 F.3d at 1269 (citations omitted).

As discussed, Plaintiff objects to the voluntary dismissal arguing that the Counterclaims were "nonsensical" from the start and that his attorneys expended significant time and resources in discovery defending the claims. He thus contends that Defendant should not be permitted to simply "walk away … at the eleventh hour, and just before being required to sit for a deposition wherein the counterclaims would have been a central topic of testimony[.]" (Mot. at 2). The Court agrees that Plaintiff has identified

5

prejudice by way of costs and attorney's fees and that curative conditions should be imposed as a remedy. That said, Plaintiff has not shown "clear legal prejudice" warranting a denial of the Voluntary Dismissal Motion.[8] *Arias*, F.3d at 1268. The Court thus finds that the Voluntary Dismissal Motion should be granted, but curative conditions shall also be imposed.

### c. Curative Conditions

Plaintiff moves the Court to hold Defendant responsible for his attorneys' fees and costs wasted on Defendant's now moot Counterclaims. He relies heavily on *McCants* in support of his request. (Resp at 10 (citing *McCants*, 781 F.2d at 860 ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, **except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation**."))). Defendant objects arguing that its Counterclaims were "only pending for four months," that Plaintiff's work was not "wasted" as "it is still relevant to Plaintiff's remaining claims," and "this case is still in the early stages of litigation and any expense or work in preparing for trial at this junction cannot be said to be 'considerable' or 'wasted.'" (Resp. at 5–6).[9]

---

[8] Plaintiff's counsel asserts she "assisted Plaintiff in responding to extensive written discovery under Fed. R. Civ. P. 33, 34, and 36[,]" and "also prepared to take Defendant's Rule 30(b)(6) deposition[.]" (Mot. at 6). However, aside from these allegations, Plaintiff does not submit any attorney time logs or other substantive proof concerning the amount of work completed.

[9] Defendant also argues that attorney's fees are inappropriate as "Plaintiff is not the prevailing party[.]" (Resp. at 7). Defendant is mistaken. Under Rule 41(a)(2)—as interpreted by the Eleventh Circuit—the Court may impose appropriate curative conditions upon a voluntary

6

In *McCants,* the district court granted a voluntary dismissal without prejudice after "the action had been pending for more than a year, during which time considerable activity had taken place[.]" *McCants*, 781 F.2d at 856. In addition to extensive discovery, the appellant had filed a summary judgment motion and also argued that it lost a statute of limitations defense as a result of the dismissal. *Id.* at 857. On appeal, the Eleventh Circuit vacated the dismissal and remanded instructing the district court to rule on appellant's request that conditions be attached to the dismissal. *Id.* at 861. In the instant case, a review of the record shows the Counterclaims were filed on March 8, 2024, and Defendant filed the Voluntary Dismissal Motion on July 9, 2024. In total, the Counterclaims were pending for slightly over four months. During that time, Plaintiff filed an Answer (D.E. 54) to the Counterclaims, responded to discovery requests, and scheduled depositions. This differs markedly from *McCants* wherein the action had been pending for more than a year. Moreover, although Plaintiff was forced to file an Answer (D.E. 54) to the Counterclaims and engage in discovery, no summary judgment motion was filed.[10]

The Court nevertheless agrees that Plaintiff expended resources in defending the Counterclaims. However, the Counterclaims are related to the subject matter of his lawsuit. Plaintiff alleges he was the victim of identity theft when an auto loan—furnished by

---

dismissal, including attorney's fees. *McCants*, 781 F.2d at 860 ("Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees.").

[10] At the time, dispositive motions were due by December 20, 2024, and trial was scheduled for March 10, 2025. (D.E. 39 at 1–2). Defendant thereafter filed an unopposed motion to extend the pretrial and trial deadlines which was granted by the Court. (D.E. 108). Currently, dispositive motions are due by March 20, 2025, and trial is scheduled for July 28, 2025. (D.E. 110 at 1–3).

Defendant—was taken out in his name. Defendant's Counterclaims allege Plaintiff breached the auto loan contract by failing to pay and seek replevin for return of the vehicle. At bottom, Plaintiff's claims require proof that he did not authorize the auto loan. As such, the efforts expended on the Counterclaims bear some relevance to the claims in Plaintiff's Amended Complaint.

In the instant case, the Court finds it appropriate to follow the example of the district court in *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001) (per curiam). In *Pontenberg*, the district court granted a voluntary dismissal under Rule 41(a)(2) but noted that "if Plaintiff re-files this lawsuit against Defendant, the Court should assess costs against Plaintiff pursuant to Fed. R. Civ. P. 41(d)."[11] On appeal, the Eleventh Circuit held that the district court had not abused its discretion in granting a voluntary dismissal—even though the discovery deadline had passed and a summary judgment motion had been filed. *Pontenberg*, 252 F.3d at 1260. The Eleventh Circuit concluded that the district court had appropriately "conditioned the dismissal on the payment of costs to the defendant should the plaintiff later refile." *Id*. As such, "any financial prejudice suffered by [the plaintiff] had been adequately addressed." *Id.*

The Court finds the same condition appropriate in this case. Although the Voluntary Dismissal Motion will be granted, it will be conditioned with the following disclaimer: **If Western Funding Incorporated re-files its Counterclaims against Santiago Paulino,**

---

[11] Rule 41(d) states that: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

8

**the Court should assess costs against Western Funding Incorporated pursuant to Fed. R. Civ. P. 41(d).**

IV.   **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Santiago Paulino's Motion for Reconsideration of the Court's Order Granting Defendant Western Funding II Incorporated's Motion to Dismiss Without Prejudice (D.E. 102) is **GRANTED IN PART** and **DENIED IN PART**;

2. The Court's July 12, 2024 Order (D.E. 93) is **VACATED**;

3. Defendant Western Funding II Incorporated's Voluntary Dismissal Motion (D.E. 90) is **GRANTED**, and its Counterclaims (D.E. 51 at 26–30) asserting counts of breach of contract and replevin against Plaintiff are **DISMISSED WITHOUT PREJUDICE** subject to following condition: **If Western Funding Incorporated re-files its Counterclaims against Santiago Paulino, the Court should assess costs against Western Funding Incorporated pursuant to Fed. R. Civ. P. 41(d).**

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of September, 2024.

                                              _____
                                              **JOAN A. LENARD**
                                              **UNITED STATES DISTRICT JUDGE**