# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24172-LENARD/Elfenbein

**SANTIAGO PAULINO**,

     Plaintiff,

v.

**WESTERN FUNDING II
INCORPORATED**,

     Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE OMNIBUS ORDER ON DISCOVERY MOTIONS, ECF NO. [138]

**THIS CAUSE** is before the Court on Plaintiff Santiago Paulino's ("Plaintiff") Notice of

Hearing, ECF No. [147], in which he alerted the Court to the following issues to be discussed at

the Discovery Hearing originally scheduled on April 17, 2025 (the "Hearing"):

> 1.    Plaintiff's Motion for Partial Reconsideration of the February 6,
> 2025 Omnibus Order on Discovery Motions, ECF No. [138]; and

> 2.    Whether Defendant Western Funding II Incorporated ("Defendant")
> is compelled to produce the individuals known as Glenn San Gabriel and Cecilia
> Viray who processed and/or entered data in response to any ACDV related to
> Plaintiff for deposition pursuant to Fed. R. Civ. P. 30(b)(1).

ECF No. [147] at 1.[1]  On April 17, 2025, less than two hours before the Hearing, Defendant filed

a Notice of Filing Amended Exhibits, ECF No. [154], containing voluminous supplemental

materials Defendant sought to rely on at the Hearing.  To provide the Court and Plaintiff with an

---

[1] Defendant filed its own Notice of Hearing, ECF No. [148], but the issue noticed therein overlapped
entirely with the issues noticed in Plaintiff's Notice of Hearing.  *Compare* ECF No. [147] at 1, *with* ECF
No. [148] at 1.

opportunity to review the additional materials, the Court continued the Hearing to April 28, 2025 (the "continued Hearing"). *See* ECF No. [155].

At the continued Hearing, Plaintiff made an Oral Motion for Partial Reconsideration of the February 6, 2025 Omnibus Order on Discovery Motions ("Motion for Reconsideration"), ECF No. [164]. During the continued Hearing, the Court orally ruled on the Motion for Reconsideration. To memorialize that ruling, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration, **ECF No. [164]**, is **GRANTED** as further explained below.

By way of background, Plaintiff's Motion for Reconsideration requests that the Court revisit its prior ruling, ECF No. [138], on Plaintiff's Oral Motion to Compel Depositions of Mr. San Gabriel and Ms. Viray as Rule 30(b)(1) Witnesses (the "Motion to Compel"), ECF No. [136], and Defendant's corresponding Motion for Protective Order regarding these depositions, ECF No. [137].

The Eleventh Circuit recently acknowledged that it had "yet to precisely define the standards governing Rule 54(b) motions to reconsider [non-finals orders]," so it took the opportunity to clarify that standard in *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024). In doing so, it held that the standards in Federal Rules of Civil Procedure 59(e) and 60(b) — which govern reconsideration of final judgments — do not apply to interlocutory orders. *See id.* at 1379-80. Instead, under Rule 54(b), district courts retain plenary authority to revise any non-final order at any time before final judgment, based on their inherent authority and sound discretion. *See id.* Although courts may consider higher thresholds like newly discovered evidence or manifest error (borrowed from Rules 59(e) or 60(b)), those are not prerequisites. *See id.* at 1380-81. Rather, district courts should balance the strength of the motion against the need for finality and stability in litigation, guided — but not bound — by the law-of-

the-case doctrine.  *See id*.  The Eleventh Circuit further clarified that if a movant satisfies a heightened threshold — such as demonstrating newly discovered evidence under Rule 59(e) — "the district court should not hesitate to revisit its prior ruling."  *See id*. at 1379, 1381.

In its ruling on the Motion to Compel, ECF No. [138], the Court found that, based on the record presented at the time, Mr. San Gabriel and Ms. Viray did not qualify as Defendant's managing agents for the purposes of compelling their depositions pursuant to Rule 30(b)(1) without a subpoena.  Relying on *Brunson v. PHH Mortgage Corporation*, the Court considered the following five factors when determining whether an individual is a corporation's managing agent who need not be subpoenaed for a deposition:

> (1) whether the individual has general power to exercise discretion in corporate matters; (2) whether he or she can be expected to testify at the employer's request; (3) whether there are persons within the corporation with greater authority regarding the information sought; (4) the general responsibilities of the individual regarding the matters under litigation; and (5) whether the witness identifies with the interests of the corporation.

*See* ECF No. [138] at 3-4 (relying on 342 F.R.D. 315, 320-21 (M.D. Fla. 2022)).  The Court previously held that Plaintiff failed to meet his burden as to the first three factors but not as to the last two.  *Id*.  Considering these factors in their totality, the Court ultimately found that Mr. San Gabriel and Ms. Viray were not managing agents.  *Id*. at 4.

At the Hearing, Plaintiff presented new evidence from the deposition of Defendant's corporate representative, Tracey Bergiman, which had not been taken as of the date of the hearing on the Motion to Compel.  Based on Mr. Bergiman's testimony, the Court finds that, weighing the five factors, Plaintiff provides sufficient information for the Court to conclude that these witnesses are indeed managing agents.  With that said, regarding the first *Brunson* factor, this new evidence does not change the Court's finding.  The Court is not persuaded that Mr. San Gabriel or Ms. Viray have the *general* power to exercise discretion in *corporate* matters.  Although Bergiman's

testimony supports the contention that they had control and discretion over the investigation of credit disputes, the Court is not convinced that this alone proves a general power to exercise discretion over corporate matters. By contrast, Defendant proffered that these individuals follow specific procedures outlined by their supervisors when making decisions and do not, therefore, exercise discretion in corporate matters. Thus, this factor fails to support Plaintiff's position that these individuals are Defendant's managing agents.

The remaining factors, however, weigh in favor of Plaintiff. Concerning the second factor, whether Mr. San Gabriel or Ms. Viray can be expected to testify at the employer's request, the Court notes that this is a "close question," but the tipping of the scales must be "resolved in favor of the examining party." *See Brunson*, 342 F.R.D. at 321. The Court recognizes that these two witnesses work for another related sister entity and not the Defendant directly. However, Mr. Bergiman testified that they all work under the same corporate umbrella, that he meets with Mr. San Gabriel and Ms. Viray regularly, and that they would be required to testify if he asked them to appear at a deposition. Given Mr. Bergiman's testimony that Mr. San Gabriel and Ms. Viray work under the same corporate umbrella as Defendant, and that Mr. Bergman, as their supervisor, can require them to testify, this factor weighs in favor of finding these individuals are managing agents.

Next, with respect to the third factor, whether there are persons within the corporation with greater authority regarding the information sought, the Court previously found in favor of Defendant based on the representation at the hearing on the Motion to Compel that Mr. Bergiman had greater authority regarding the information sought than Mr. San Gabriel and Ms. Viray. *See* ECF No. [138] at 4. Mr. Bergiman's testimony fails to support this representation. Instead, Mr. Bergiman's testimony supports the contention that these two witnesses, not Mr. Bergiman, have

the requisite knowledge regarding the processing and investigation of Plaintiff's credit disputes. At his deposition, he testified that he never spoke with these two witnesses to ascertain what they did during the investigation and he could provide no such information, which was contrary to what Defendant represented in open court. And although Mr. Bergiman's declaration, which was provided after his deposition and in support of Defendant's position, states that these individuals have no specific recollection of investigating Plaintiff's claims, the Court finds the declaration, consisting of two sentences on this point, *see* ECF No. [154-1] at 5-6, is conclusory and fails to provide the Court or Plaintiff any substantive information as to what Mr. Bergiman asked these two witnesses or what they said to draw such conclusions.  In light of the foregoing, the Court concludes that there is no one with greater authority regarding the information Plaintiff seeks, meaning how the credit disputes were processed and investigated, than Mr. San Gabriel and Ms. Viray.  This factor, therefore, weighs in favor of a finding that they are managing agents.

The last two factors of this inquiry continue to weigh against Defendant.  As stated in the Court's Order on the Motion to Compel, ECF No. [138], the fourth factor continues to be supported by the Parties' arguments and representations.   Mr. San Gabriel and Ms. Viray's general responsibilities are pertinent to the instant litigation as they were directly involved in investigating the credit reporting disputes at issue in this case.  Defendant did not argue to the contrary at the continued Hearing.  Finally, regarding the fifth factor, the Court finds that the new evidence provides additional weight in favor of Plaintiff.  Indeed, Mr. Bergiman's testimony makes clear these witnesses report directly to Mr. Bergiman and work under the same corporate umbrella, further supporting the contention that their interests are more aligned with Defendant than the Plaintiff.  Considering these factors in their totality, the Court finds that Mr. San Gabriel and Ms. Viray are managing agents pursuant to Rule 30(b)(1).

Finally, the Court addresses one final argument that Defendant raised at the continued Hearing, which is that the Federal Rules of Civil Procedure are powerless to compel the attendance of these witnesses merely because they are citizens of the Philippines.  Defendant argues that the Hague Convention prohibits the application of the Federal Rules of Civil Procedure due to their foreign citizenship.  "The Hague Convention on Taking Evidence Abroad provides procedures for judicial authorities of one signatory country to use in requesting evidence located in another signatory country." *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 473 (S.D. Fla. 2011).  In *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa,* 482 U.S. 522 (1987), "[t]he Supreme Court explained that the Hague Convention 'was intended as a permissive supplement, not a preemptive replacement, for other means of obtaining evidence located abroad.'" *Costa*, 277 F.R.D. at 473 (quoting *Societe Nationale*, 482 U.S. at 536).  "The Supreme Court rejected the precise argument advanced by Defendant[] here that parties must resort to Hague Convention procedures first, prior to utilizing the procedures made available by the Federal Rules of Civil Rules." *Id.* (citing *Societe Nationale*, 482 U.S. at 542).  Plaintiff may thus seek the requested discovery under the Federal Rules of Civil Procedure.  *See also SNP Boat Serv. S.A. v. Hotel Le St. James*, 483 B.R. 776, 787 (S.D. Fla. 2012).  And because the Federal Rules of Civil Procedure govern and the Court concludes that these witnesses are Defendant's managing agents, Plaintiff can notice Mr. San Gabriel and Ms. Viray for deposition and need not subpoena them.

Based on the new evidence discovered during Mr. Bergiman's deposition, Plaintiff satisfies the heightened threshold for reconsideration.  Accordingly, Plaintiff's Motion for Partial Reconsideration of the February 6, 2025 Omnibus Order on Discovery Motions, **ECF No. [164]**, is **GRANTED.**  Defendant shall make Mr. San Gabriel and Ms. Viray available for deposition upon receipt of a Notice of Taking Deposition from Plaintiff.

CASE NO. 23-CV-24172-LENARD/Elfenbein

**DONE and ORDERED** in Chambers in Miami, Florida on May 7, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record