**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-CV-24172-LENARD/Elfenbein

**SANTIAGO PAULINO**,

Plaintiff,

v.

**WESTERN FUNDING II INCORPORATED**,

Defendant.
_____________________________/

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon the following matters referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A):

1. Defendant Western Funding II Incorporated d/b/a Western Funding Inc.'s ("Defendant") First Objections and Counter-Designations to Plaintiff's Deposition Designations, ECF No. [218];
2. Plaintiff Santiago Paulino's ("Plaintiff") First Objections and Counter-Designations to Defendant's Deposition Designations, ECF No. [219];
3. Defendant's Objections to Plaintiff's Counter Deposition Designations, ECF No. [220];
4. Plaintiff's Objections to Defendant's Counter-Designations, ECF No. [221];
5. Defendant's Objections to Plaintiff's Rule 26(a)(3) Final Pretrial Disclosures, ECF No. [226];
6. Plaintiff's Objections to Defendant's Rule 26(a)(3) Final Pretrial Disclosures, ECF No. [232];

7. Defendant's Amended Notice of Filing Revised Objections to Plaintiff's Exhibit List for Trial, ECF No. [259]; and
8. Plaintiff's Motion to Compel Compliance with the Court's Exhibit-Objection Order and for a Briefing Schedule and Oral Argument on the Referred Pretrial Disputes (the "Motion"), ECF No. [271].

*See* ECF Nos. [270], [272]. Defendant filed a Response in Opposition to the Motion, ECF No. [276], and Plaintiff filed a Reply in Support of the Motion, ECF No. [277].

On September 1, 2026, the Court held a hearing on the foregoing matters (the "Hearing"). *See* ECF Nos. [273], [288]. Counsel for Plaintiff and Defendant appeared and presented extensive argument. *See id.* The Court reviewed the Parties' filings, the pertinent portions of the record, and the applicable law. For the reasons stated on the record at the hearing, and as further memorialized below, it is **ORDERED and ADJUDGED** as follows.

## I. Plaintiff's Motion, ECF No. [271]

In the Motion, Plaintiff requests three forms of relief. First, Plaintiff asks the Court to direct Defendant to comply with Judge Lenard's June 2, 2026 Paperless Order governing the form of Defendant's objections to Plaintiff's trial exhibits. *See* ECF No. [258]. Second, Plaintiff requests that the Court establish a briefing schedule and conduct oral argument concerning the Parties' deposition designations, counter-designations, objections to deposition testimony, objections to the Parties' Rule 26(a)(3) disclosures, and objections to the Parties' exhibit lists. Third, Plaintiff requests an opportunity to revise his deposition designations after the Court rules on Defendant's objections. For the reasons explained on the record at the Hearing, the Motion, **ECF No. [271]**, is **GRANTED in part and DENIED in part**.

First, Plaintiff's request that the Court compel Defendant to take further action to comply with Judge Lenard's June 2, 2026 Paperless Order is **DENIED**. Judge Lenard struck Defendant's initial revised objections and authorized Defendant to file amended objections "citing specifically the Federal Rule of Evidence it claims as the basis for its objection and concisely stating its rationale for the objection within the body of any exhibit it objects to." ECF No. [258]. Having reviewed that Order and Defendant's amended submission at ECF No. [259], the Court finds that Defendant's amended submission complies with the substance of Judge Lenard's directive. Accordingly, Defendant need not submit another set of objections on that basis.

Second, Plaintiff's request for an additional briefing schedule is **DENIED**. The Parties' submissions already created an extensive record, and the Court finds that additional briefing would not materially assist in resolving the referred disputes. Plaintiff's request for oral argument is **GRANTED** to the extent that the Court heard extensive oral argument on September 1, 2026, and will conduct a continued hearing to address the objections that remain after the Parties file the amended submissions discussed at the Hearing.

Third, Plaintiff's request for leave to revise his deposition designations is **GRANTED**. The Court's rulings concerning Plaintiff's exhibits materially affected the testimony the Parties designated. Defendant must be afforded the same opportunity to revise its designations. Accordingly, both Parties shall revise their deposition designations and corresponding objections as discussed at the Hearing.

**II. Defendant's Objections to Plaintiff's Exhibit List, ECF No. [259]**

The Court next addresses Defendant's objections to Plaintiff's trial exhibits. Except where otherwise stated, the Court's rulings concern the particular grounds raised and record presented at the September 1, 2026 hearing. *See* ECF No. [288]. The Court's determination that an exhibit

may be offered for a non-hearsay purpose does not authorize the proponent to rely upon the exhibit to establish the truth of the matters asserted therein. Moreover, unless the Court expressly rules otherwise, the proponent of an exhibit remains responsible for laying any foundation required for its admission. The Honorable Joan A. Lenard may address any proper contemporaneous objection that depends upon the testimony elicited, the witness through whom the exhibit is offered, or the manner in which the exhibit is used at trial.

**A. Plaintiff's Exhibits P1, P2, P3, P20, P21, P22, P35, P36, and P38**

Plaintiff's Exhibits P1 through P3, P20 through P22, P35 through P36, and P38 consist of consumer disclosures issued by Equifax, Experian, or TransUnion. Defendant objects based upon hearsay, lack of authentication, Rules 401 through 403, improper lay or expert testimony under Rules 701 and 702, and improper bolstering under Rule 801(d)(1)(B).

Defendant's hearsay objections are **OVERRULED**. Plaintiff represents that he does not offer the consumer disclosures to establish the truth of the credit information reported in them. To the contrary, Plaintiff contends that the information appearing in the disclosures was inaccurate. The exhibits therefore may be offered for a non-hearsay purpose, including to establish what information appeared in Plaintiff's consumer file and the allegedly inaccurate information Plaintiff encountered and disputed. Defendant's relevance objections under Rules 401 and 402 are likewise **OVERRULED**. Whether, when, and how the subject account appeared in Plaintiff's consumer disclosures bears upon issues relevant to Plaintiff's claims and Defendant's defenses. Defendant's Rule 403 objections are also **OVERRULED**. Defendant argues that the disclosures may unfairly suggest that Defendant — not a consumer reporting agency — matched the account information to Plaintiff's consumer file. That dispute goes to the weight of the evidence and may be explored

through testimony, cross-examination, and argument. The potential prejudice identified by Defendant does not substantially outweigh the exhibits' probative value.

However, Defendant's authentication objections are **PRESERVED**. Plaintiff asserts that he personally obtained the disclosures from the respective consumer reporting agencies. Whether Plaintiff can authenticate the exhibits will depend upon the foundation supplied through his trial testimony. Because the Court cannot determine in advance precisely how Plaintiff will testify, the Court does not address the authentication objections. Defendant may renew those objections at trial if Plaintiff fails to lay a sufficient foundation. Similarly, to the extent Plaintiff seeks to interpret technical aspects of the consumer disclosures, Defendant may raise an appropriate objection under Rules 701 and 702 based upon the particular testimony elicited. Plaintiff may testify regarding matters within his personal knowledge, including the documents he received and what he did in response. Accordingly, Defendant's objections to Exhibits P1 through P3, P20 through P22, P35 through P36, and P38 are **OVERRULED IN PART** and **PRESERVED IN PART** as set forth above.

**B. Plaintiff's Exhibits P4 and P5**

At the hearing, Defendant withdrew all objections to Plaintiff's Exhibits P4 and P5. Accordingly, Defendant's objections to Exhibits P4 and P5 are deemed **WITHDRAWN**.

**C. Plaintiff's Exhibit P6**

Plaintiff's Exhibit P6 is an identity-theft report submitted to the Federal Trade Commission ("FTC"). Defendant objects based upon hearsay, Plaintiff's failure to establish that the document constitutes admissible agency factfinding under Rule 803(8), improper bolstering, cumulativeness, confusion, and unfair prejudice under Rule 403. Defendant's objections are **OVERRULED**.

First, the exhibit may be offered for a non-hearsay purpose. Second, the report may qualify for admission under the business-records exception in Rule 803(6), even though Defendant did not originally prepare it. The testimony of Defendant's Rule 30(b)(6) representative addressed records within the applicable Bates-number range and established that the records were integrated into Defendant's electronic system, maintained in the course of Defendant's business, and relied upon by Defendant in conducting its business and servicing the subject account. A document need not have been prepared by the business that maintains it to qualify as a business record when the document has been integrated into the business's records and relied upon in its ordinary activities.

The Court also rejects Defendant's contention that the appearance of the FTC's name or insignia on the document creates unfair prejudice. The report is not a finding or determination by the FTC that Plaintiff was, in fact, a victim of identity theft. Rather, the report reflects information supplied by Plaintiff to the FTC. The Parties may appropriately explain that distinction at trial. The exhibit's probative value is not substantially outweighed by a danger of unfair prejudice, confusion, or needless cumulative evidence.

**D. Plaintiff's Exhibits P7, P8, P9, P11, P14, P17, P24, P25, P26, P29, and P30**

At the hearing, Defendant withdrew all objections to Plaintiff's Exhibits P7 through P9, P11, P14, P17, P24 through P26, and P29 through P30, except its hearsay objections. The Parties agreed that the Court's business-records analysis concerning Exhibit P6 applies equally to these exhibits. The documents fall within the records addressed by Defendant's Rule 30(b)(6) representative and were maintained and relied upon as part of Defendant's business records. Accordingly, and for the same reasons stated concerning Exhibit P6, Defendant's remaining hearsay objections to Exhibits P7 through P9, P11, P14, P17, P24 through P26, and P29 through P30 are **OVERRULED**, subject to Plaintiff laying the required foundation at trial.

**E. Plaintiff's Exhibit P10**

Plaintiff's Exhibit P10 is a TransUnion Extended Alert Notice. Plaintiff contends that the exhibit shows that he requested an extended fraud alert and supports his claim for damages by documenting the measures he undertook in response to the disputed account. Defendant's hearsay objection is **SUSTAINED**. Although Plaintiff characterizes his proposed use of the exhibit as non-hearsay, the purposes articulated by Plaintiff at the Hearing depend upon the truth of the assertions in the notice — namely, that Plaintiff contacted TransUnion, requested an extended alert, and that TransUnion placed the alert on Plaintiff's consumer report. On the present record, Plaintiff has not established a non-hearsay use or an applicable hearsay exception sufficient to permit admission.

**F. Plaintiff's Exhibits P12, P13, and P33**

Plaintiff's Exhibits P12, P13, and P33 consist of dispute responses or dispute results sent to Plaintiff by consumer reporting agencies. Defendant objects based upon hearsay, authentication, relevance, unfair prejudice, confusion, cumulativeness, and improper interpretation of credit-reporting results. Defendant's objections are **OVERRULED**, subject to Plaintiff laying an appropriate foundation at trial. Each exhibit is addressed to Plaintiff, and Plaintiff may be able to authenticate the exhibit by testifying that he received the document and that the exhibit is a true and accurate copy of the document he received. The documents also may be offered for a non-hearsay purpose, including their effect upon Plaintiff and the actions Plaintiff took after receiving them. The Court further finds that the documents are relevant and that their probative value is not substantially outweighed by a danger of unfair prejudice, confusion, or needless cumulative evidence. Nevertheless, Plaintiff must establish the appropriate evidentiary foundation at trial.

**G. Plaintiff's Exhibits P15, P18, P27, P31, P32, and P39**

Plaintiff's Exhibits P15, P18, P27, P31, P32, and P39 consist of United States Postal Service tracking materials. Defendant objects based upon lack of authentication, lack of evidence establishing the contents of the corresponding mailing or receipt by Defendant, irrelevance, and the danger of a cumulative or misleading presentation. Defendant's objections are **SUSTAINED**. At the Hearing, Plaintiff did not identify a witness who could authenticate the records and did not present a certification of authenticity from the United States Postal Service. The tracking materials, standing alone, do not sufficiently identify the person who generated the tracking information, the contents of the mailing, the address to which a particular document was delivered, or whether the mailing contained the document Plaintiff associates with the tracking entry. Plaintiff therefore has not established the authenticity or relevance of the tracking materials on the record established at the Hearing.

**H. Plaintiff's Exhibits P16, P19, P34, and P37**

At the hearing, Plaintiff withdrew Exhibits P16, P19, P34, and P37. Accordingly, those exhibits are **WITHDRAWN** from Plaintiff's exhibit list and shall not be offered at trial.

**I. Plaintiff's Exhibit P23**

Plaintiff's Exhibit P23 is an incident report maintained by the City of Miami Police Department. The copy presented at the hearing contained a certification establishing that the document is a true copy of a record maintained by the City of Miami Police Department. The certification is sufficient to authenticate the document. Authentication, however, does not independently resolve the hearsay contained in the report. Plaintiff did not present or otherwise have a certification satisfying the applicable requirements of Rule 803(6) or Rule 803(8), nor did Plaintiff identify a properly disclosed records custodian or other witness who could establish the

necessary foundation. Defendant's hearsay objection is therefore **SUSTAINED** on the present record. Plaintiff suggested that he could identify and call a City of Miami Police Department records custodian. Whether Plaintiff may belatedly supplement his witness list, identify an additional witness after the close of discovery, or call a witness not previously disclosed is outside the scope of the matters presently referred to the undersigned. The Court therefore does not decide that issue. Plaintiff may present the matter to Judge Lenard if he intends to seek permission to identify or call an additional witness.

**J. Plaintiff's Exhibit P28**

At the hearing, Plaintiff withdrew Exhibit P28. Accordingly, Exhibit P28 is **WITHDRAWN** from Plaintiff's exhibit list and shall not be offered at trial.

**K. Plaintiff's Exhibits P41, P49, P50, P56, P58, P60, and P61**

At the hearing, Defendant withdrew its objections to Plaintiff's Exhibits P41, P49, P50, P56, P58, P60, and P61. Accordingly, Defendant's objections to those exhibits are deemed **WITHDRAWN**.

**L. Plaintiff's Exhibit P71**

Plaintiff's Exhibit P71 is Defendant's Answer and Counterclaim. Defendant objects to the exhibit based upon Rules 401 through 403 and Judge Lenard's prior ruling concerning Defendant's counterclaim. During the final pretrial conference, Judge Lenard ruled that Plaintiff may not introduce evidence or present argument concerning Defendant's counterclaim or its subsequent dismissal. That ruling encompassed both the filing of the counterclaim and the fact that Defendant later dismissed it. The undersigned will not revisit or alter Judge Lenard's ruling. Accordingly, Defendant's objection to Exhibit P71 is **SUSTAINED** consistent with Judge Lenard's prior ruling. Plaintiff preserved his objection and the basis for his disagreement with that ruling on the record.

**M. Plaintiff's Exhibits P74, P75, and P76**

Plaintiff's Exhibits P74, P75, and P76 are video recordings of the depositions of Tracy Bergiman, Glenn San Gabriel, and Maria Cecelia Milagrosa Viray. At the hearing, Plaintiff clarified that he does not intend to admit the deposition videos as physical exhibits or send the recordings into the jury room. Rather, Plaintiff intends to present properly designated portions of the witnesses' deposition testimony at trial, as permitted by the applicable rules and the Court's rulings. Based upon that clarification, no separate ruling is necessary concerning the admissibility of the videos as physical exhibits. The Court will address the Parties' objections to the particular deposition designations at the forthcoming hearing after the Parties submit their amended designations and objections.

**N. Plaintiff's Exhibits P77 and P78**

Plaintiff's Exhibits P77 and P78 consist of Defendant's Bridgeforce Data Quality Scanner FCRA Procedure and Servicing Annual Compliance Training materials. Defendant's principal objection is to hearsay and whether Plaintiff will attempt to introduce or explain those exhibits through a witness who lacks personal knowledge or the ability to authenticate Defendant's internal policies and procedures. Defendant's hearsay objection is **OVERRULED**. Based upon the testimony of Defendant's Rule 30(b)(6) witness and the record presented at the Hearing, the exhibits may qualify as Defendant's business records under Rule 803(6).

However, Defendant's objections based upon foundation, authentication, and personal knowledge are **PRESERVED**. The admissibility of the exhibits will depend upon the witness through whom Plaintiff seeks to offer them and the foundation supplied at trial. Plaintiff presently identifies Tracy Bergiman as a witness who may authenticate or testify concerning the exhibits. If Plaintiff seeks to introduce the exhibits through a different witness, or if the witness called lacks

the required personal knowledge, Defendant may renew its objections at trial. To the extent Defendant asserts other hearsay or Rule 403 objections to the exhibits themselves, those objections are **OVERRULED** for the reasons stated on the record.

### III. Plaintiff's Objections to Defendant's Rule 26(a)(3) Final Pretrial Disclosures, ECF No. [232]

The Court also considered Plaintiff's objections to the witnesses and exhibits identified in Defendant's Rule 26(a)(3) Final Pretrial Disclosures. As to Items 14, 15, and 16 of Defendant's witness disclosures, Plaintiff objects under Rule 37(c)(1) to Defendant calling an unnamed corporate representative, records custodian, or other previously undisclosed individual. At the hearing, Defendant represented that it intends to call only Tracy Bergiman as its corporate representative and does not intend to call another unnamed corporate representative or records custodian. Defendant further represented that Tracy Bergiman was previously disclosed and testified at deposition. In light of Defendant's representations on the record, Plaintiff's Rule 37(c)(1) objections concerning these unidentified representatives or custodians are **MOOT**.

Plaintiff's remaining witness objections either overlap with matters raised in motions in limine that remain before Judge Lenard or constitute generalized objections under Rules 403, 801, and 802. Those generalized objections depend upon the particular witness called, the question asked, and the testimony offered. The Court cannot issue a blanket ruling barring a witness from offering any testimony that might implicate those Rules. Plaintiff may raise an appropriate contemporaneous objection at trial based upon the testimony elicited. The Court did not reach Plaintiff's remaining objections to Defendant's exhibits at the September 1, 2026 hearing. Plaintiff represented that the Court's rulings concerning Defendant's objections to Plaintiff's exhibits affect and narrow Plaintiff's objections to Defendant's exhibits. Plaintiff shall therefore review and amend those objections as discussed at the Hearing.

**IV. Deposition Designations, Counter-Designations, and Objections**

The Court did not rule upon the individual deposition designations, counter-designations, and objections contained in ECF Nos. [218], [219], [220], and [221]. The Court's rulings concerning Plaintiff's exhibits materially affected the Parties' deposition designations as testimony concerning an exhibit excluded by this Order should be removed from the Parties' designations. Conversely, if one of the Parties objected to certain deposition testimony based on objections to exhibits that were subsequently overruled by this Order, the Parties should eliminate such objections, narrowing the number of issues that require a ruling. The Parties requested that they be permitted to revisit their designations and objections, confer with one another, eliminate unnecessary testimony, and sequence any remaining deposition testimony in a manner that will be understandable to the jury. The Court agrees and set forth an amended schedule in ECF No. [298]. Accordingly, the Court **DEFERS** ruling on ECF Nos. [218], [219], [220], and [221] until the Parties submit amended deposition designations and objections in accordance with the schedule in ECF No. [298].

**DONE and ORDERED** in Chambers in Miami, Florida on October 2, 2026.



**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record